*Insane — notice to the lunatic of the application to appoint a commission — not essential to confer jurisdiction — waiver of the objection — order protecting the rights of a lunatic not notified in the first instance — Code of Civil Procedure, secs. 2320, 2325, 2327.*

Upon an appeal from an order denying a motion to vacate a commission in the nature of a writ *de lunatico inquirendo,* and all proceedings thereunder, it appeared that no notice of the application for the commission was given to the lunatic.

*Held,* that while this was a grave irregularity it did not deprive the court of jurisdiction, since, from the allegations of the petition, it, in the opinion of the court, presumptively appeared that the person proceeded against was a person who, at the time the petition was presented, might have been subject to the appointment of a committee.

Where it appears that the alleged lunatic has been afforded as full opportunity to contest the matter as though he had had notice thereof in the first instance, the court will not set aside the proceedings for want of notice to him.

*It seems*, that a proceeding taken by the lunatic to supersede the commission, upon the ground that he had been restored to health, might be a waiver of the objection that he had not had notice.

Upon the application to set aside the commission the court refused the same, but allowed the petitioner to traverse all the allegations of the original petition, and directed an immediate trial of the issues so found before the same commissioners, who had been appointed in the original proceeding, and before a sheriff's jury. *Held*, that such an order sufficiently preserved the rights of the lunatic.

APPEAL by James Blewitt from an order, entered in the office of the clerk of the city and county of New York on the 16th day of March, 1891, denying his motion to vacate the proceedings herein for want of jurisdiction, and for irregularity.

*Isaac N. Miller*, for James Blewitt, appellant.

*Lorenzo Semple*, for Julia Blewitt, committee, etc., respondent.

PER CURIAM:

We agree with the learned justice before whom this matter was heard at Special Term, that the omission to give the alleged lunatic notice of the presentation of the petition to the court was a very grave irregularity. (Code of Civil Procedure, § 2325.) But we do not agree with the counsel for the appellant that the failure to give such notice deprived the court of jurisdiction. Under the Code of Civil Procedure, the jurisdiction of the Supreme Court extends to the custody of the person, and the care of the property of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy or habitual drunkenness. (Code, § 2320.) We think that it *presumptively appeared*, from the allegations contained in the petition, that James Blewitt, at the time of its presentation, was a person in whose case the court, in the exercise of its discretion, could appoint a committee, and that, therefore, under the provisions of section 2327 of the Code it acquired jurisdiction to make the order that a commission issue. While, therefore, the failure to notify Blewitt of the presentation of the petition was, as already observed, an irregularity of a very grave character, we think that the jurisdiction of this court in the matter cannot be successfully questioned; and if

the whole record, now before the court, shows that the alleged lunatic has been given every opportunity to be heard, which he could have had in the first instance, that the irregularity is not of such a character as to require the court to vacate and set aside all the proceedings heretofore taken. It appears from the record that James Blewitt, on or about the 23d of January, 1891, presented a petition to this court in which, after reciting that on the 12th of June, 1890, a commission in the nature of a writ *de lunatico inquirendo* was issued out of this court against your petitioner, and that on the 23d of June, 1890, an inquisition was taken under the same, whereby " the petitioner was found a lunatic, and Julia Blewitt, wife of your petitioner, was, on June 25, 1890, appointed by this court, a committee of his person and estate," the petitioner goes on to aver that " he is now of sound mind and understanding, and has been so for several months, and he believes that said commission of lunacy should now be superseded because unnecessary." The petitioner, therefore, prays " that an order be granted requiring the before-named committee to show cause, if any there be, to this court on a day certain, why the said commission, inquisition and the proceedings therein should not be superseded and annulled forthwith, and that a writ in the nature of a supersedeas may issue for that purpose." The hearing upon that order to show cause took place before Mr. Justice INGRAHAM, and after hearing counsel and perusing voluminous affidavits the petition was in all respects denied, and the proceeding dismissed.

It may well be argued that by taking that proceeding James Blewitt cured the irregularity of which he now complains. The present proceeding came before the court on a motion to vacate and set aside the commission and return thereof, the inquisition, the order appointing the committee and all other proceedings for irregularity, because the said proceedings were without notice to Blewitt, and also because the said inquisition never received the confirmation of this court, and that this court had no jurisdiction to appoint the committee. Upon the hearing of that motion Mr. Justice BEACH denied the motion to vacate and set aside the commission and the return thereof, the inquisition and the order appointing the committee, but gave leave to the petitioner to traverse the allegations of the original petition, by an answer to be

served upon the attorney for the committee within five days from the entry of this order, and directed the issue so formed to be tried before the commissioners originally appointed by the court and a sheriff's jury  The order further required that ten days' notice of the time and place of said hearing be given to the said James Blewitt, and that he appear before the said commissioners and jury for examination before them. It was further ordered that the committee pay to the said James Blewitt the sum of $250 to defray his expenses of defense.

We are of opinion that by this order all the rights of Blewitt were preserved, and that as the court, notwithstanding the irregularity heretofore referred to, .had obtained jurisdiction of the matter, the whole proceeding should not be vacted and set aside. The order below will, therefore, be affirmed, but with liberty to James Blewitt to serve the answer provided for in the order, and also alleging his restoration to health within ten days after notice of the order to be entered on this decision.

Present — VAN BRUNT, P. J , DANIELS and LAWRENCE, JJ.

So ordered.